UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **NEIL E. HAVLIK**  *also known as Neal E. Havlik*  REG. # 24985-009 | : | DOCKET NO. 2:19-cv-0978  SECTION P |
| **VERSUS** | : | JUDGE JAMES D. CAIN, JR. |
| **UNITED STATES OF AMERICA** | : | MAGISTRATE JUDGE KAY |

## REPORT AND RECOMMENDATION

Before the court is a Partial Motion to Dismiss (doc. 16) filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure by the United States of America. This motion comes in response to a *pro se* civil rights complaint filed pursuant to the Federal Tort Claims Act ("FTCA") by Neil E. Havlik ("plaintiff"). For the reasons below, we recommend that the Partial Motion to Dismiss be **GRANTED**.

## I.
### BACKGROUND

The plaintiff is an inmate in the custody of the Bureau of Prisons, currently incarcerated at the Federal Correctional Institute at Oakdale, Louisiana. His FTCA complaint raises five claims: (1) Negligence causing increased back injury and torn rotator cuff also negligence in the treatment and accommodation of the resulting injury (doc. 1, p. 2); (2) Denial of placing plaintiff in FRP Exempt TMP status (*id*.); (3) Denial of pay to plaintiff for work he performed (*id*. at p. 3); (4) Denial of plaintiff's religious freedoms and participation in his religious programs (*id*. at p. 4); Denial of plaintiff's right to be free from retaliation (*id*.).

The Government filed the instant Partial Motion to Dismiss, arguing that plaintiff lacks a cognizable constitutional interest in prison employment as well as in pay for prison employment and, as such, he also fails to state a valid claim for retaliation based upon his termination from his prison job as removal from the job would not violate any constitutional right since such employment is not subject to constitutional protection. Doc. 16. The plaintiff filed a response to the Government's motion (doc. 23), to which the Government replied (doc. 30), prompting the plaintiff's sur-reply (doc. 32). The motion is now ripe for the Court's review.

## II.
## LAW & ANALYSIS

### A. *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

**B.** *No Constitutional Right To Be Compensated For Work Performed While Incarcerated.*

According to plaintiff, he worked as an orderly, at the request of his counselor, from January 1, 2017, through July 1, 2017. Doc. 1, p. 3. He complains that while he was promised $20.00 per month compensation for his work, he was only paid for the first three months and nothing after. *Id*. He also complains that he was only paid 12 cents per month for the time period that he was employed at A.M. Recreation. *Id*.

In *Bulger v. U.S. Bureau of Prisons*, 65 F.3d 48,50 (5th Cir. 1995), the Fifth Circuit held that inmates do not have a constitutional right to prison employment that would entitle them to due process protection. The defendant argues, and this Court agrees, that even if plaintiff's allegations regarding his compensation are taken as true, which the defendant denies, these allegations would not entitle Plaintiff to relief since there is no constitutional right to be compensated at all for work performed while incarcerated. *Jones v. U.S. ex rel. Dept. of Justice,* 412 Fed. Appx. 690, 691 (5th Cir. 2011) (citing *Wendt v. Lynaugh*, 841 F.2d 619, 621 (5th Cir. 1988)).

While the complaints cites various BOP regulations as support for plaintiff's contention that he is entitled to the "standard minimum wage" of twenty dollars per month for work he performed at FCI Oakdale, he has not established that prison staff violated any agency regulations. Moreover, a violation of prison regulations does not itself constitute a constitutional violation. *Id.* citing *Edwards v. Johnson,* 209 F.3d 772, 779 (5th Cir. 2000). Compelling an inmate to work without pay does not violate the Constitution. *Loving vs. Johnson* 455 F.3d 562, 563 (5th Cir. 2006). People are not imprisoned for the purpose of enabling them to earn a living. *Id*. (citing *Bennett v. Frank*, 395 F.3d 409, 409-10 (7th Cir. 2005)). The prison pays for their keep. *Id*. If it puts them to work, it is to offset some of the cost of keeping them, or to keep them out of mischief,

or to ease their transition to the world outside, or to equip them with skills and habits that will make them less likely to return to crime outside. *Id.*

Moreover, plaintiff's argument that these claims should survive Rule 12(b)(6) dismissal because the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973 ("Rehab Act"), provide him with a constitutional right to be paid for work he performed while in prison, is without merit.

The threshold requirement in any case brought under the ADA is a showing that the plaintiff suffers from a disability protected under the Act. *See Dupre v. Charter Behavioral Health Sys. of Lafayette Inc.*, 242 F.3d 610, 613 (5th Cir. 2001); *Hamilton v. Southwestern Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998); *Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1119 (5th Cir. 1998). "Whether a person has a disability under the ADA is an individualized inquiry." *Sutton v. United Air Lines, Inc.*, 119 S. Ct. 2139, 2147 (1999). The ADA defines a disability as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> (B) a record of such an impairment; or
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2); *see Williams v. Time Warner Operation, Inc.*, 98 F.3d 179, 193 (5th Cir. 1996); *Blanks v. Southwestern Bell Communications, Inc.*, 310 F.3d 398, 400 (5th Cir. 2002). The ADA further restricts the meaning of physical and mental impairment to:

> (1) Any physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine; or
>
> (2) Any mental or psychological disorder, such as mental retardation, organic brain syndrome, emotional or mental illness, and specific learning disabilities.

29 C.F.R. § 1630.2(h)(1), (2); *see Williams*, 534 U.S. at 194-95 (quoting 45 C.F.R. § 84.3(j)(2)(i) (2001)); *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 n.5 (5th Cir. 1995).

"Merely having an impairment does not make one disabled for purposes of the ADA." *Williams*, 534 U.S. at 195. "A physical impairment, standing alone, is not necessarily a disability as contemplated by the ADA. The statute requires an impairment that substantially limits one or more of the major life activities." *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995); *accord Williams*, 534 U.S. at 195; *Nawrot v. CPC Int'l*, 277 F.3d 896, 903 (7th Cir. 2002) (noting that "not all Plaintiffs with health conditions have a disability' within the meaning of the ADA"); *Dupre*, 242 F.3d at 614; *Deas v. River West, L.P.,* 152 F.3d 471, 479 (5th Cir. 1998), *cert. denied,* 527 U.S. 1035, 144 L. Ed. 2d 793, 119 S. Ct. 2392 (1999).

While the ADA defines neither "substantially limits" nor "major life activities," courts have looked to the EEOC's regulations under the ADA, which adopt the same definition of major life activities as used in the Rehabilitation Act, to provide significant guidance and have held that major life activities means functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.'" *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024-25 (5th Cir. 1999; *see Hamilton*, 136 F.3d at 1050 (quoting 29 C.F.R. § 1630.20(i)); *Dutcher*, 53 F.3d at 726; *see also Williams*, 534 U.S. at 195 (quoting 45 C.F.R. § 84.3(j)(2)(ii)(2001)); *Mason v. United Air Lines*, 274 F.3d 314, 316 (5th Cir. 2001); *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir. 2001). The statutory language, requiring a substantial limitation of a major life activity, emphasizes that the impairment must be a significant one.'" *Deas*, 152 F.3d at 479 (quoting *Forrisi v. Bowen*, 794 F.2d 931, 933-34 (4th Cir. 1986)). A "fundamental statutory requirement" is that "only impairments causing substantial limitations in individuals' ability to perform major life activities constitute disabilities." *Albertson's, Inc. v.*

*Kirkingburg*, 119 S. Ct. 2162 n.7 (1999); *see Williams*, 534 U.S. at 195; *Waldrip v. General Elec. Co.*, 325 F.3d 652, 655 (5th Cir. 2003) ("an impairment must not just limit or affect, but must *substantially* limit a major life activity") (emphasis in original).

Plaintiff has not established that he is "disabled" within the meaning of the ADA and/or Rehab Act. Rather, the Bureau of Prison's ("BOP") response to plaintiff's Regional Administrative Remedy Appeal, which is attached to Plaintiff's Opposition, indicates that at all times pertinent, plaintiff's medical duty status revealed that he did not have any work restrictions other than not being cleared for food service duty. Doc. 23, att. 1, p. 4. Further, even if the ADA and/or Rehab Act were applicable to this case, plaintiff cannot assert that he was denied participation in any inmate work program based upon an alleged disability because at the time of the referenced administrative appeal action, he was assigned to the "recreation AM work detail." *Id*.

Accordingly, because he has no constitutional right to employment at the prison or compensation for any work performed, and because the ADA and/or Rehab Act are not applicable to the matter at hand, plaintiff's claim for compensation/back-pay fails, and should be dismissed.

**C. Plaintiff's Alleged Termination From His Job Does Not Constitute Retaliation**

Plaintiff also claims that he was fired in retaliation for lodging a grievance wherein he requested back pay for his work as an orderly. Doc. 1, p. 4. The Fifth Circuit has held that to state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against a prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Jones v. Greninger*, 188 F.3d 322 (5th Cir. 1999). The Court also noted if an inmate was unable to point to a specific constitutional right that was violated, the claim would fail.

Here, plaintiff has failed to allege the violation of a specific constitutional right. As discussed above, a prisoner has no constitutional protected interest in or right to his prison job or a specific job assignment. *Tighe v. Wall*, 100 F.3d 41 (5th Cir. 1996.) Moreover, Plaintiff's retaliation claim is conclusory since a retaliatory intent by his unit counselor (who is not a named defendant) may not be plausibly inferred based upon his allegations. *Jones v. U.S. ex rel. Dept. of Justice,* 412 Fed. Appx. at 691 (citing *Jones v. Greninger*, 188 F.3d at 324-25). Thus, his removal or termination from his job did not violate any of plaintiff's constitutionally protected rights, and therefore, plaintiff cannot meet his burden of satisfying all the required elements of his retaliation claim. This claim should also be dismissed.

## IV.
### RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the Partial Motion to Dismiss (doc. 16) be **GRANTED** and that claims three and five of plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 20th day of August, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE